UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK MERAM,<br><br>        Plaintiff,<br><br>v.<br><br>ROBERT W. MACDONALD, an individual, ALLIANZ LIFE INSURANCE OF NORTH AMERICA, a Minnesota corporation, and DOES 1 through 20, inclusive,<br><br>        Defendants. | Civil No. 06CV1071-L(AJB)<br><br>**ORDER DENYING IN PART AND GRANTING IN PART DEFENDANTS' MOTION TO DISMISS** |

In this diversity action, Plaintiff alleges causes of action for breach of contract, fraud, intentional infliction of emotional distress, violation of the California Unfair Competition Law, and violation of the California Consumer Legal Remedies Act against Defendants Robert MacDonald ("MacDonald") and Allianz Life Insurance of North America ("Allianz"). Defendants filed a motion to dismiss all causes of action. Plaintiff opposed the motion, and Defendants filed a reply. For the reasons which follow, Defendants' motion is **GRANTED IN PART AND DENIED IN PART**. Plaintiff is **GRANTED LEAVE TO AMEND** as discussed below.

/ / / / /

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff alleges he was invited by Allianz Sales to attend a presentation on September 29, 2005, to meet MacDonald, who was promoting his new book, *Cheat to Win*. MacDonald was a multi millionaire who had started as an insurance agent, and built LifeUSA, a billion dollar company, which was owned by Allianz at the time of the presentation. Plaintiff attended the presentation together with approximately 100 financial representatives.

At the beginning of the presentation, MacDonald announced that one of the attendees would leave that day with one million dollars. All that was required was to place a business card in the basket which was passed around, and to stay until the end of the presentation. At the end, MacDonald would select one card from the basket, and the person whose name was on the card, would leave with a million dollars.

Plaintiff placed his business card in the basket, and attended the presentation until the end. At the end, MacDonald pulled Plaintiff's card out of the basket. He called Plaintiff's name and invited him to the front to "claim [his] million dollars." He congratulated Plaintiff on winning a million dollars, and then explained how "this works." MacDonald said Plaintiff would receive one dollar per year for a million years, and gave Plaintiff a $100 in cash for the first one hundred years. According to MacDonald, all Plaintiff had to do was attend a presentation once a year to claim the rest of the million dollars. MacDonald then laughed and thanked everyone for coming.

On May 26, 2006, Plaintiff filed a verified complaint in San Diego County Superior Court, seeking the remainder of the promised one million dollars, other damages, punitive damages, and statutory penalties. Defendants removed the action to this Court, and subsequently moved pursuant to Rule 12(b)(6) to dismiss each cause of action for failure to state a claim.

**DISCUSSION**

**I.    Breach of Contract**

Defendants argue the breach of contract claim should be dismissed because the complaint does not sufficiently allege the elements of the claim. While California substantive law applies

in this diversity case to determine the elements of the legal claims alleged, procedure is governed by federal law. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal of a claim under this Rule is appropriate only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Navarro*, 250 F.3d at 732. Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984); *see Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law"). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson*, 749 F.2d at 534. In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). However, legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987); *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Prieto v. Fed. Deposit Ins. Corp.*, 139 F.3d 696, 699 (9th Cir. 1998.)

      Defendants essentially contend the complaint lacks a cognizable contract theory. First, they maintain no valid contract was created because MacDonald's statements at the seminar did not constitute a valid offer. "Both an offer and an acceptance are required to create a contract." Jud. Council of Cal. Jury Instruction ("CACI") 307. To establish an offer, the defendant must communicate to the plaintiff that he is willing to enter into a contract with the plaintiff, the communication must contain specific terms, and, based on the communication, the plaintiff could have reasonably concluded that a contract with these terms would result if he accepted the offer. CACI 307; *see also* CACI 302 (The issue is whether, "under the circumstances, a reasonable person would conclude, from the words and conduct of each party, that there was an

1  agreement."). Defendants contend MacDonald's alleged offer was too good to be true, and
2  Plaintiff could not have reasonably concluded the offer was for a million dollars.
3       Plaintiff alleges he concluded the offer was genuine, since he was aware that MacDonald
4  was a multi-millionaire, that Allianz was a billion dollar company, and that each had the
5  financial means to pay the promised sum. (Compl. ¶¶ 20-22.) More significantly, MacDonald
6  elaborated on the offer, and mentioned it at least twice:

> "[O]ne of you will be a millionaire today and one of you will win one million dollars today, some of you may already be millionaires and you will still have an extra million dollars today, all you have to do is follow 2 rules: Put your business card in this basket and pay attention and stay until the end of the meeting. I will pick a card from this basket at the end of the meeting and whoever's name is on the card, will walk out of here with a million dollars today." [¶] . . . On at least one occasion during Mr. Macdonald's [*sic*] presentation, he again referred to the million dollars to remind everyone to pay attention.

12  (*Id.* ¶¶ 10, 12; *see also* ¶¶ 19, 23.) Based on these facts, Plaintiff alleges he "reasonably believed
13  that Defendants would pay the promised sum." (*Id.* ¶ 22.)
14       Whether a person could reasonably conclude that a contract would result if he or she
15  accepted MacDonald's offer, is a question to be determined by the trier of fact. *See In re First*
16  *Capital Life Ins. Co.*, 34 Cal. App. 4th 1283, 1287 (1995); *see also* CACI 307, Sources and
17  Authority. Reading the allegations in the light most favorable to Plaintiff, the allegations do not
18  lead to an unescapable conclusion that the offer was a joke or that MacDonald meant anything
19  other than what he said. Accordingly, the Court cannot conclude that Plaintiff could prove no
20  set of facts in support of his breach of contract claim, or that no reasonable person could
21  reasonably conclude the offer was genuine. Plaintiff therefore sufficiently alleged the offer and
22  its terms.
23       Defendants next argue there was no valid contract because the offer was too vague for
24  failure to identify who would receive the million dollars or the terms of payment. This argument
25  is contradicted by the allegations in the complaint.
26       To form an enforceable contract, its terms must be "clear enough that the parties could
27  understand what each was required to do." CACI 302; *see also* Restatement (Second) of
28  Contracts § 33. "Whether a contract term is sufficiently definite to be enforceable is a question

of law for the court." *Ladas v. Cal. State Auto Assn.*, 19 Cal. App. 4th 761, 770 n.2 (1993). To determine this issue, "the court will liberally interpret laymen's agreements or nontechnical language." 1 B.E. Witkin, Summary of Cal. Law, Contracts § 140 (10th 2005).

By the alleged terms of the offer, the pool of potential winners was defined by the business cards placed in the basket. The winner's name was pulled out of the basket, and he or she would receive the prize so long as he or she also attended the presentation until the end. (Compl. ¶ 10.) Furthermore, MacDonald stated the winner would "**walk out of here with a million dollars today**." (*Id*. (emphasis added).) Accordingly, the alleged offer is sufficiently definite to support formation of contract.[1]

Defendants also maintain no valid contract was created because there was no consideration. Consideration is a "bargained-for exchange" whereby "a performance or a return promise must be bargained for," which means that "it is sought by the promisor in exchange for his promise and is given by the promisee in exchange for that promise." *Jara v. Suprema Meats, Inc.*, 121 Cal. App. 4th 1238, 1249-50 (2004) (*quoting* Restatement (Second) of Contracts § 71). In a typical bargain, "the consideration induces the making of the promise and the promise induces the furnishing of the consideration." *Jara*, 121 Cal. App. 4th at 1250 (*quoting* Restatement (Second) of Contracts § 71, cmt. b).

Defendants rely heavily on *Jara v. Suprema Meats, Inc.*, which found that the promise which formed the basis of the alleged breach was gratuitous. *Id*. at 1250-52. The Court found the promise was unsolicited and volunteered, and therefore not a result of a bargained-for exchange. *Id*. at 1251. The instant case is different. Plaintiff alleged MacDonald promised an attendee would leave the seminar that day with one million dollars if he or she "follow[ed] 2 rules: Put your business card in this basket and pay attention and stay until the end of the meeting." (Compl. ¶ 10.) MacDonald expressly sought consideration, consisting of placing business cards in the basket and attending the presentation until the end, in exchange for his

---

[1] Since the offer was sufficiently definite, the Court need not address Defendants' argument that "MacDonald later provided the necessary specificity after he pulled [Plaintiff's] card out of the basket [, and] stated that [Plaintiff] would receive $1 a year for a million years." (Defs' Mem. of P.&A. at 7.)

1 promise of a chance to win a million dollars.  Plaintiff was induced by MacDonald's promise,
2 and gave the solicited consideration.  (*See* Comp. ¶¶ 23 & 24.)  The complaint therefore
3 sufficiently alleges consideration as a bargained-for-exchange.
4       Finally, Defendants argue the consideration given by Plaintiff had no value.  To create a
5 valid contract, the parties must "agree[] to give each other something of value."  CACI 302.
6 Defendants contend Plaintiff would have attended the presentation until the end regardless of the
7 chance to win a million dollars, and that his business card did not provide Defendants with any
8 additional information, since Plaintiff alleged he was personally invited to attend.  Defendants'
9 inferences, although not unreasonable, are not the only reasonable inferences which can be
10 drawn from the complaint.  Plaintiff alleged he "sat through the entire seminar" "in reliance on
11 the promise of Mr. MacDonald."  (Compl. ¶ 24.)  Plaintiff could have exercised his right to leave
12 early, but did not, because he was induced to stay by the promise of a chance to win a million
13 dollars.[2]

> Any benefit conferred, or agreed to be conferred, upon the promisor, by any other person, to which the promisor is not lawfully entitled, or any prejudice suffered, or agreed to be suffered, by such person, other than such as he is at the time of consent lawfully bound to suffer, as an inducement to the promisor, is a good consideration for a promise.

17 Cal. Civ. Code § 1605 ; *see also Jara*, 121 Cal. App. 4th at 1249 (*citing* Cal. Civil Code § 1605).
18 Accordingly, "the consideration need not necessarily be useful, and there is no requirement of
19 adequacy to make the contract enforceable in an action at law."  Witkin, *supra*, § 205 (*citing*
20 Restatement (Second) of Contracts § 79(b) & cmt. c).
21 / / / / /

---

[2] In his opposition, Plaintiff elaborates that the seminar consisted of a presentation of Allianz' products and a "puffing sales presentation for Mr. Macdoland's [*sic*] new book," which lasted a few hours.  (Opp'n at 2, 6.)  The goal of the seminar was to convince the attendees to promote Allianz products to their clients, which would generate a profit for Allianz.  (*Id*. at 6.)  Plaintiff explained that the seminar was essentially a sales presentation for Defendants, and implied that attendance to the end was a detriment.  (*Id*. at 6, 7.)  In addition, Plaintiff explained that providing business card information at the presentation and staying to the end, the attendees became qualified leads for Allianz sales, and received sales calls from the company in the months after the seminar.  (*Id*. at 6.)  Since Plaintiff did not include these facts in the complaint, they cannot be considered to defeat a Rule 12(b)(6) motion.  Although the Court could easily grant Plaintiff leave to amend to add these allegations, this is not necessary.

1       Plaintiff was not "lawfully bound" to stay until the end of the presentation, and
2 Defendants were not "legally entitled" to Plaintiff's continued attendance.  By staying to the end
3 of the seminar, Plaintiff incurred a prejudice and conferred a benefit on Defendants.  The Court
4 therefore finds Plaintiff alleged sufficient consideration to support an enforceable contract.

5       For the foregoing reasons, Defendants' motion to dismiss the first cause of action for
6 breach of contract is **DENIED**.

7 **II.**    **Fraud**

8       As to the second cause of action, Defendants contend Plaintiff does not sufficiently allege
9 fraud.  The elements of fraud are "(a) misrepresentation (false representation, concealment, or
10 nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce
11 reliance; (d) justifiable reliance; and (e) resulting damage." *Lazar v. Super. Ct. (Rykoff-Sexton,*
12 *Inc.)*, 12 Cal.4th 631, 638 (1996) (citations and quotation marks omitted).  Defendants' motion is
13 focused on the damage and justifiable reliance elements.

14       Initially, Defendants maintain the allegations are not specific enough.  Their reliance on
15 California state law for the pleading specificity requirements is in error.  "It is established law . .
16 . that Rule 9(b)'s particularity requirement applies to state-law causes of action." *Vess v.*
17 *Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003).

18       Furthermore, the specificity required for the misrepresentation element is not required for
19 the damage and reliance elements.  To comply with rule 9(b), "the circumstances constituting
20 fraud . . . shall be stated with particularity."  "A pleading is sufficient under rule 9(b) if it
21 identifies the circumstances constituting fraud so that a defendant can prepare an adequate
22 answer from the allegations." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th
23 Cir. 1989).  In this regard, it is sufficient to plead items such as the time, place and nature of the
24 alleged fraudulent activities.  *Id*.  The particularity pleading requirement does not apply to
25 reasonable reliance or other elements.  *See* Fed. R. Civ. P. 9(b) ("condition of mind of a person
26 may be averred generally"); *Midw. Commerce Banking Co. v. Elkhart City Ctr.*, 4 F.3d 521, 524
27 (7th Cir. 1993); William W. Schwarzer *et al.*, *Fed. Civ. P. Before Trial* ¶8:44.1 (2006).
28 / / / / /

Accordingly, Rule 9(b)'s particularity requirement does not apply to the issues of reasonable reliance and damages raised in Defendants' motion.

Defendants maintain Plaintiff failed to allege any harm arising from the alleged fraud. "[U]nless the plaintiff merely seeks to rescind the contract, [he] must suffer actual monetary loss to recover on a fraud claim." *Alliance Mortgage Co. v. Rothwell*, 10 Cal.4th 1226, 1240 (1995); *see also Empire W. v. S. Cal. Gas Co.*, 12 Cal.3d 805, 810 n.2 (1974) ("Fraud, without damage, furnishes no ground for action."). "[A] defrauded party is ordinarily limited to recovering his 'out-of-pocket' loss." *Alliance Mortgage*, 10 Cal.4th at 1240 (internal quotation marks and citation omitted). "The "out-of-pocket" measure of damages is directed to restoring the plaintiff to the financial position enjoyed by him prior to the fraudulent transaction, and thus awards the difference in actual value at the time of the transaction between what the plaintiff gave and what he received." *Id*. (internal quotation marks and citation omitted); *see also* CACI 1923. In addition, the plaintiff may also recover amounts that he reasonably spent in reliance on the defendant's misrepresentation, if those amounts would not otherwise have been spent. CACI 1923.

Plaintiff alleged he placed his business card in the basket, sat through the entire presentation, suffered humiliation in front of his colleagues and co-workers, and lost the promised one million dollars. (Compl. ¶¶ 23, 38, 40.) Although some of these items are not recoverable, Plaintiff sufficiently alleged damage.

The promised one million dollar award is not recoverable as a remedy for the alleged fraud. It would constitute the benefit of the bargain, which is generally recoverable only for breach of contract. In fraud actions, benefit of the bargain damages are recoverable only for fiduciary fraud, if at all. *Cf. Salahutdin v. Valley of Cal., Inc.*, 24 Cal. App. 4th 555, 566 (Cal. Ct. App. 1st Dist. 1994) (recoverable for fiduciary fraud) *and Hensley v. McSweeney*, 90 Cal. App. 4th 1081, 1086 (Cal. Ct. App. 5th Dist. 2001) (not recoverable for fiduciary fraud). Since Plaintiff does not allege fiduciary fraud, only the out-of-pocket measure of damages applies, and he cannot recover the balance of the promised one million dollars. Similarly, Plaintiff's mental suffering is not an element of fraud damages.

However, it is reasonable to infer that Plaintiff's time has value.  As discussed above, Plaintiff sat through the entire presentation because he was induced by MacDonald's promise. (Compl. ¶ 38.)  Any injury, no matter how small is sufficient to support an intentional tort.  *See Hotel & Rest. Employees & Bartenders Union , Local 28 v. AFL-CIO*, 104 Cal. App. 3d 962, 97374 (1980). Even if Defendants' fraud caused Plaintiff only negligible harm or no appreciable detriment, he may recover nominal damages.  Cal. Civ. Code § 3360; *Hotel & Rest. Employees*, 104 Cal. App. 3d at 973 ("When a party is injured by the intentional act of another, constituting a breach of a duty owed to the party by the other, then, even though the party may suffer no appreciable detriment (i. e., sustain actual damages), the party is entitled to nominal damages. Where a party is entitled to nominal damages, he may also recover punitive damages in a proper case.").  Accordingly, Plaintiff's allegation of harm is sufficient to withstand a motion to dismiss.

Defendants' argument that Plaintiff failed to allege reasonable reliance is contradicted by express allegations in the complaint.  Plaintiff alleged he sat through the entire seminar in reliance on MacDonald's promise.  (Compl. ¶ 24.)  He further alleged he reasonably believed Defendants would pay the promised sum.  (*Id*. ¶ 22.)  These are sufficient allegations of reasonable reliance.

For the foregoing reasons, Defendants' motion to dismiss the second cause of action for fraud is **DENIED**.

### III.   Intentional Infliction of Emotional Distress

Plaintiff voluntarily consented to the dismissal of the third cause of action for intentional infliction of emotional distress.  (Opp'n at 8.)  Accordingly, Defendants' motion is **GRANTED** with respect to this claim.

### IV.   Violation of California Unfair Competition Law

Defendants move to dismiss Plaintiff's fourth cause of action for violation of California Business and Professions Code Sections 17200 and 17539.5 ("Unfair Competition Law" or "UCL").  Plaintiff alleges Defendants violated the provisions regulating sweepstakes in section

/ / / / /

17539.5, because they did not disclose the terms of payment at the time the sweepstakes was announced. (Compl. ¶¶ 49-55.)

The enforcement provisions of the Unfair Competition Law apply to section 17539.5. Cal. Bus. & Prof. Code § 17200; *Cal-Tech Cmmc'n, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal.4th 163, 180 (1999). The remedies available to individual plaintiffs are limited to restitution and injunctive relief. *Cal-Tech Cmmc'n*, 20 Cal.4th at 179, *Madrid v. Perot Sys. Corp.*, 130 Cal. App. 4th 440, 452 (2005) (*citing* Cal. Bus. & Prof. Code §§ 17203, 17206). Plaintiff does not seek any of these remedies, and seeks civil penalties instead. (Compl. at 15.) However, civil penalties are not recoverable by individual plaintiffs. *See* Cal. Bus. & Prof. Code § 17206(a).

Plaintiff does not plead a claim for injunctive relief or restitution, the only remedies available to him under the UCL. Defendants' motion to dismiss is therefore **GRANTED**. Since Plaintiff may be able to cure the deficiencies by amending his complaint, he is granted **LEAVE TO AMEND**.

### V. California Consumer Legal Remedies Act

Plaintiff voluntarily consented to the dismissal of the fifth cause of action for violation of the California Consumer Legal Remedies Act. (Opp'n at 8.) Accordingly, Defendants' motion is **GRANTED** with respect to this claim.

### VI. Claims Against Allianz

Defendants maintain the complaint does not allege Allianz committed any wrongful acts, and does not allege any theory whereby Allianz should be held responsible for the wrongful acts allegedly committed by MacDonald. Defendants are correct.

The complaint includes few factual allegations pertaining to Allianz. Plaintiff alleges Allianz is a business entity doing business in San Diego County. (Comp. ¶ 3.) MacDonald built a billion dollar company, which was owned by Allianz at the time of the presentation. (*Id*. ¶ 9.) Allianz Sales invited Plaintiff to MacDonald's presentation, which was hosted by Allianz. (*Id*. ¶ 6.) An Allianz representative passed around a basket, so that the attendees could provide their business cards for the one million dollar drawing. (*Id*. ¶ 23.) MacDonald prepared his presentation on behalf of himself and Allianz. (*Id*. ¶ 35.) Allianz and MacDonald never intended

to pay one million dollars. (*Id*. ¶36.) These factual allegations pertaining to Allianz are insufficient to show any wrongdoing committed by Allianz directly or support a legal theory why Allianz should be held liable for MacDonald's alleged wrongdoing. Plaintiff does not allege Allianz promised to pay a million dollars to anyone. In addition, the allegations of a promise or breach of the promise reference only MacDonald. (*See, e.g., id*. ¶¶ 36, 37, 39, 30, 31.)

On the issue of Allianz, Plaintiff does not directly address Defendants' motion in his opposition. However, he includes various factual allegations in an apparent attempt to associate Allianz with MacDonald's alleged wrongdoing. For example, he states the purpose of the presentation, in addition to promoting MacDonald's book and benefitting MacDonald, was to promote Allianz products, enhance Allianz' public image, and generate income for Allianz. (*See* Opp'n at 4, 6.) None of these allegations, however, are included in the complaint, and therefore cannot be considered in opposition to a motion to dismiss.

For the foregoing reasons, Defendants' motion to dismiss all causes of action against Allianz is **GRANTED**. Since Plaintiff may be able to cure the deficiencies by amending his complaint, he is granted **LEAVE TO AMEND**.

## CONCLUSION

For the foregoing reasons it is hereby **ORDERED** as follows:

1. Defendants' motion to dismiss claims against Defendant MacDonald is **DENIED** with respect to the first cause of action for breach of contract and second cause of action for fraud, and **GRANTED** in all other respects.

2. Defendants' motion to dismiss all claims against Defendant Allianz is **GRANTED**.

3. Plaintiff is granted **LEAVE TO AMEND** as stated in the body of this order. Should Plaintiff decide to amend, the amended complaint must be filed no later than twenty-one (21)

/ / / / /

/ / / / /

/ / / / /

calendar days after this order is stamped "Filed." Any response to the amended complaint must be filed no later than ten (10) calendar days after service.

**IT IS SO ORDERED**.

DATED: October 23, 2006

M. James Lorenz
United States District Court Judge

COPY TO:

HON. CATHY ANN BENCIVENGO
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL